UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DERIAN DOUGLAS HICKMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 14-0295 (BAH) |
| | ) |
| FEDERAL ELECTION COMMISSION *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

The plaintiff, Derian Douglas Hickman, filed a barely legible or intelligible complaint in the Superior Court of the District of Columbia against the Federal Election Commission ("FEC") and the Internal Revenue Service ("IRS"), demanding $1 billion. *See* Compl., ECF No. 1-1, p. 6. The FEC removed the case to this Court, pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, and has moved to dismiss under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Def. FEC's Mot. to Dismiss, ECF No. 5. In addition, the United States has moved to dismiss the complaint against the IRS under Rules 12(b)(1), 12(b)(2) and 12(b)(6).[1] *See* United States' Mot. to Dismiss, ECF No. 8. The plaintiff's opposition to each motion fails to present a cogent counter-argument to the defendants' respective arguments for dismissal. *See* Pl.'s Opp'n to [FEC's] Mot. to Dismiss, ECF No. 7; Pl.'s Opp'n to Mot. to Dismiss Based on Jurisdiction, ECF No. 11. In addition, the plaintiff recently filed a one-page document that is equally unilluminating.

---

[1] The United States' motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction is premised on insufficient service of process, which is a proper defense under Rule 12(b)(5). *See* Mem. in Supp. of United States' Mot. to Dismiss at 4-5, ECF No. 8-1. The Court need not dwell on this issue, since this case is resolved on other grounds, but notes that because the Superior Court's grant of the plaintiff's *in forma pauperis* status continues in this Court, the court officers are responsible for effecting proper service. *See* 28 U.S.C. § 1915(d). Hence, a dismissal based on defective service would be premature.

1

*See* ECF No. 12 (merely listing "1. Motion for summary judgment, 2. Motion for a hearing on all motions in 14-295, 3. Motion to add defendant United States Treasury"). For the following reasons, the Court will grant the defendants' motions, deny the plaintiff's three-part motion, and dismiss this case.

## I. DISCUSSION

"A complaint may be dismissed on jurisdictional grounds when it "is 'patently insubstantial,' presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). In addition, the "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' " *Hagans v. Lavine*, 415 U.S. 528, 536-7 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)).

The instant complaint satisfies the foregoing standard. To the extent that the plaintiff is seeking documents from the FEC pertaining to his financial disclosures as a presidential candidate for election years 1988 and 1992, *see* Pl.'s Opp'n to the IRS' Mot. at 6, he does not dispute the FEC's argument that any such claim is procedurally barred since it was adjudicated in his earlier dismissed action. *See* Def. FEC's Mot. to Dismiss at 5, n.3; Ex. 2 (*Hickman v. FEC*, No. 09-1616 (D.D.C. Aug. 26, 2009) (dismissing complaint with prejudice as frivolous and for failure to state a claim). In addition, the plaintiff does not dispute the United States' argument that jurisdiction is wanting over any claim for a tax refund, *see* Pl.'s Opp'n to the IRS' Mot. at 6, because he did not exhaust his administrative remedies by first filing a claim with the IRS for a refund. Def. U.S.' Mot. to Dismiss at 1, 2-3 (citing 26 U.S.C. § 7422(a)). When considering a dispositive motion, "a court may treat [the moving party's unopposed] arguments . . . as

conceded." *Hopkins v. Women's Div., General Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd*, 98 Fed. Appx. 8 (D.C. Cir. 2004) (citing *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997)). Besides, neither of those potential claims would entitle the plaintiff to the $1 billion he has demanded. *See* Fed. R. Civ. P. 8(a)(2) (requiring pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions . . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.") (citation omitted).

## II. CONCLUSION

For the foregoing reasons, the Court grants the motions of the Federal Election Commission and the United States to dismiss the complaint and denies the plaintiff's conclusory motion for summary judgment, for a hearing, and to add the "United States Treasury" as a defendant. A separate final Order accompanies this Memorandum Opinion.

/s/ *Beryl A. Howell*
UNITED STATES DISTRICT JUDGE

DATE: November 13, 2014